IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| GRAYSON CONSULTING, INC., | ) | |
| | ) | No. 2:07-02992-DCN |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| CHARLES CATHCART, *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on plaintiff Grayson Consulting, Inc.'s ("Grayson")[1] petition for attorneys' fees and costs related to Grayson's successful Motion for Sanctions for Clifford Lloyd's Discovery Abuses. For the reasons that follow, the court awards Grayson attorneys' fees in the amount of $11,360.00.

## I.  BACKGROUND

On May 7, 2012, Grayson served its first set of interrogatories and first set of requests for production of documents on defendant Clifford Lloyd ("Lloyd"). Lloyd's responses were due on June 7, 2012. Lloyd did not respond to these discovery requests and, on August 15, 2012, Grayson filed a motion to compel with the court. The court referred the matter to Magistrate Judge Bruce Howe Hendricks on August 16, 2012. Lloyd did not respond to the motion to compel and, on September 7, 2012, Judge Hendricks granted the motion. Judge Hendricks ordered that "Defendant Lloyd shall fully respond to [Plaintiff's] First Set of Interrogatories to Clifford Lloyd and Plaintiff's First Set of Requests for Production to Clifford Lloyd within FIFTEEN (15) days of the

---

[1] Grayson was substituted for the original plaintiff in this case, Chapter 7 trustee Kevin Campbell, on November 7, 2012. The term "Grayson" also includes Campbell, the original plaintiff. Similarly, the term "Grayson's counsel" also includes Campbell's counsel.

date of this Order." Text Order, Sept. 7, 2012, ECF No. 515.  Lloyd failed to comply with Judge Hendricks' order.  Grayson's counsel sent two follow-up letters to Lloyd's counsel and, on October 5, 2012, filed a motion for an order to show cause relating to Lloyd's failure to respond to the outstanding discovery requests.  This court set a date of October 26, 2012 for a hearing on the motion for order to show cause.  Lloyd sought, and Grayson agreed, to several extensions of time to respond to the motion for order to show cause. Lloyd never responded to the motion for order to show cause.

On December 10, 2012, Grayson filed a motion for sanctions based on Lloyd's failure to respond to discovery requests.  On December 28, 2012, Lloyd responded to the motion, attaching copies of his cursory discovery responses to his filing.  Lloyd's response to the requests for production is dated December 18, 2012; his responses to Grayson's first and second sets of interrogatories are dated December 26, 2012.

At a hearing held on January 3, 2013, this court granted Grayson's motion for sanctions.  The court further directed Grayson's counsel to submit "a statement of reasonable attorneys' fees and costs . . . [that includes] entries for all the work done in preparation, filing, and arguing of the motions for order to show cause and for sanctions, as well as other costs incurred by counsel to obtain discovery from Mr. Lloyd after September 7, 2012, the date of Judge Hendricks['] text order compelling discovery." Minute Entry, Jan. 3, 2013, ECF No. 572.

## II.  STANDARDS

Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure provides that,

> If [a] motion [to compel discovery] is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must . . . require the party whose conduct necessitated the motion, or the party

or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

Furthermore, Rule 37(b)(2) provides that courts "must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure" to obey a court order to provide discovery. Fed. R. Civ. P. 37(b)(2)(C). A district court's imposition of sanctions is subject to an abuse of discretion standard upon appellate review.

### III.  DISCUSSION

Grayson seeks an award in the amount of $14,259.09. This award comprises $1,739.50 for work done by attorney Bryson Geer at the law firm Nelson Mullins Riley & Scarborough LLP; $1,188.00 for work done by attorney Charles Summerall at the law firm Womble Carlyle Sandridge & Rice LLP; $200.00 for work done by paralegal Carol Casey at Womble Carlyle; $10,890.10 for work done by attorney Alisa Roberts at Grayson Law Center, P.C.; and $241.49 for *pro rata* travel expenses for Ms. Roberts' appearance at the January 3, 2013 hearing. In all, Grayson claims that the legal professionals listed above spent 38.8 hours trying to obtain discovery from Lloyd after Judge Hendricks ordered the discovery be produced. The claimed time includes the preparation of the motions for order to show cause and for sanctions; formal and informal communications with Lloyd's counsel; and preparation for and appearance at the January 3, 2013 hearing. Lloyd counters that this request is excessive and suggests that an award of no more than $3,839.00 would be appropriate.

As an initial matter, the court finds it inappropriate to award travel costs, *pro rata* or otherwise, as part of the instant fee petition. See, e.g., Braunberger v. Interstate Eng'g, Inc., 607 N.W.2d 904, 910-11 (N.D. 2000) ("A prevailing party attorney's expenses

incurred during trips to court cannot be taxed as costs. Attorney travel and meal expenses are normally reimbursed by the client and not assessed as disbursements.") (collecting cases).

In determining the reasonable amount of attorneys' fees to be awarded to Grayson, the court must consider the following factors:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorney fees awarded in similar cases.

Barber v. Kimbrell's, Inc., 577 F.2d 216, 226 (4th Cir. 1978); see also CT&T EV Sales, Inc. v. 2AM Group, Inc., Docket No. 11-cv-1532, 2012 WL 3010911, at *1 (D.S.C. July 13, 2012). The court need not rigidly apply these factors, as they may not all affect the fee award in a given case. "[T]hese factors should be considered in determining the reasonable rate and the reasonable hours, which are then multiplied to determine the lodestar figure which will normally reflect a reasonable fee." EEOC v. Servo News Co., 898 F.2d 958, 965 (4th Cir. 1990). In determining whether a rate is reasonable, the court is to consider "prevailing market rates in the relevant community." Rum Creek Coal Sales, Inc. v. Caperton, 31 F.3d 169, 175 (4th Cir. 1994) (quoting Blum v. Stenson, 465 U.S. 886, 895 (1984)).

1. **Time and Labor Expended.** This case has been actively litigated since August 2007. Lloyd failed to respond to Grayson's first discovery requests for more than seven months. Much of the time Grayson's attorneys expended in this matter resulted

4

from Lloyd's lackadaisical attitude to the Federal Rules of Civil Procedure and to court orders.  Indeed, Lloyd (who is a lawyer) failed to comply with Judge Hendricks' order until after Grayson's counsel followed up numerous times and filed two additional, related motions.

      Lloyd argues that Grayson's lead counsel and local counsel improperly double-billed for time spent preparing the motions and appearing at the hearing.  This argument is unavailing.  The rules of this court require local counsel to sign all documents filed and to appear at all hearings.  Local Civil Rules 83.I.04, 83.I.06 DSC.  The collaborative efforts between Grayson's attorneys is both appropriate and dictated by the local rules.  This factor favors an award for all 38.8 hours of legal work requested by Grayson.

      2.    **Novelty & Difficulty of Questions Raised.**  This factor does not significantly affect the instant petition for attorneys' fees.  The primary subject matter of this litigation is exceedingly complex, as evidenced by the length of time for which this litigation has been ongoing.  Nevertheless, the matter underlying this fee petition – Lloyd's delay in producing discovery responses – is neither particularly novel nor difficult.

      3.    **Skill Required.**  Given the lengthy and complex nature of this litigation, the court finds that Grayson has justifiably engaged knowledgeable, competent counsel to prosecute its claims against the myriad defendants involved.  Because lead counsel is not licensed in South Carolina, it was necessary for Grayson to procure equally skilled local counsel.

      4.    **Preclusion of Other Employment Opportunities.**  "This factor typically applies in circumstances where counsel was required to forgo some measure of

compensation because of the time devoted to a case." Uhlig, LLC v. Shirley, --- F. Supp. 2d ---, 2012 WL 4478365, at *8 (D.S.C. Sept. 25, 2012) (citing Daly v. Hill, 790 F.2d 1071, 1082 n.15 (4th Cir. 1986) (noting that the effect of pursuing a civil rights action may require an adjustment of the hourly attorney fee rate in order to fully compensate an attorney for his or her lost opportunities to pursue other, more lucrative work)).  The court finds that this factor is not significant to the calculation of the instant fee award.

5. **Customary Fee for Like Work.**  Grayson seeks attorneys' fees for Ms. Geer, Mr. Summerall, Ms. Roberts, and Ms. Casey at the rates of $355 per hour, $360 per hour, $374-383 per hour, and $125 per hour, respectively.  Ms. Casey's rate of $125 per hour accurately reflects for her valuable work as a paralegal.  See Uhlig, LLC, 2012 WL 4478365, at *8 (approving rate of $150 per hour for work done by paralegals at a law firm of similar size and national presence).  However, other courts in this district have found that slightly lower hourly rates are more appropriate for work done by senior attorneys.  Atkinson v. House of Raeford Farms, Inc., Docket Nos. 09-cv-1901, 09-cv-3137, 2012 WL 2923246, at *3 (D.S.C. July 18, 2012) (awarding attorneys' fees at a rate of $300/hour for law partners); 2AM Group, 2012 WL 3010911, at *4 (same).  For this reason, the court reduces the hourly rates for Ms. Geer, Mr. Summerall, and Ms. Roberts to $300 per hour.[2]

6. **The Attorney's Expectations at the Outset of Litigation.**  This factor does not affect the calculation of the attorneys' fee award.

---

[2] The court notes that Ms. Geer is a partner at Nelson Mullins with more than fifteen years of legal experience and Mr. Summerall is a partner at Womble Carlyle with more than twenty-five years of legal experience.  The court is unaware whether Ms. Roberts is a partner with Grayson Law Center; however, she has at least eight years of legal experience.  Furthermore, her legal skills and her depth of knowledge – particularly as they relate to this case – justify awarding her attorneys' fees at the hourly rate of $300.

7. **The Time Limitations Imposed by the Client or Circumstances.**  This is not a significant factor for the calculation of the fee award.

8. **The Amount in Controversy and the Results Obtained.**  While millions of dollars are at issue in this case, no judgment has been entered against Mr. Lloyd.  This factor, therefore, does not affect the calculation of the instant attorneys' fees.

9. **The Experience, Reputation and Ability of the Attorneys.**  As noted elsewhere, all of the legal professionals for whose work Grayson seeks compensation are well-regarded and highly-skilled.

10. **The Undesirability of the Case within the Legal Community.**  This is not a significant factor with respect to the instant fee petition.

11. **The Nature and Length of the Professional Relationship between Attorney and Client.**  Ms. Geer has represented Chapter 7 trustee Kevin Campbell in this and related cases since at least August 31, 2007, when the complaint was filed in this case.  Mr. Summerall has represented Grayson in this and related cases since at least February 28, 2007, when the complaint was filed in *Grayson v. Cathcart*, Docket No. 07-cv-0593, a case that has been consolidated with the instant case.  Ms. Roberts has represented Grayson in this and related cases since at least July 6, 2007, when she moved to appear *pro hac vice* in *Grayson v. Cathcart*.

12. **Attorney Fees Awarded in Similar Cases.**  As noted above, the legal professionals' hourly rates, as adjusted by the court, are in keeping with the hourly rates recently determined by other courts in this district for similarly sophisticated legal work.

### III.  CONCLUSION

For the foregoing reasons, the court hereby **GRANTS** Grayson's petition for attorneys' fees.  Grayson is entitled to attorneys' fees in the amount of $11,360.00.  This award is based upon 4.9 hours of work done by attorney Bryson Geer at the rate of $300 per hour; 3.3 hours of work done by attorney Charles Summerall at the rate of $300 per hour; 1.6 hours of work done by paralegal Carol Casey at the rate of $125 per hour; and 29.0 hours of work done by attorney Alisa Roberts at the rate of $300 per hour.  A table detailing the fees awarded is attached to this order as Exhibit A.  The fee petition submitted by Grayson is attached as Exhibit B.  Lloyd's objections to the fee petition and Grayson's response thereto are attached as Exhibits C and D.

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**February 5, 2013**
**Charleston, South Carolina**