IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| GRAYSON CONSULTING, INC., | ) | |
| | ) | No. 2:07-cv-02992-DCN |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| CHARLES CATHCART, *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on motions to dismiss filed by defendants Clifford Lloyd and David Kekich, ECF Nos. 536, 591. For the reasons that follow, the court grants in part and denies in part the motions to dismiss.

## I.  BACKGROUND

Because the facts of this case are well known to all parties, the court dispenses with a recitation of them. Instead, the court provides a brief procedural background relating only to the motions addressed herein.

Kevin Campbell ("the Trustee"), Chapter 7 trustee for Derivium's estate, filed this complaint on August 31, 2007 against a number of defendants, including Lloyd and Kekich. Lloyd, a Canadian citizen and resident, served as corporate counsel for Derivium from 1998 to 2000. Compl. ¶¶ 30, 75. Kekich, a resident and citizen of California, served as Derivium's Director of Associate Relations during the same time period. Id. ¶¶ 31, 75. Grayson Consulting, Inc. was substituted as plaintiff on November 7, 2012, pursuant to the transfer of the Trustee's claims to Grayson Consulting. See Order for Substitution of Party & Counsel, ECF No. 549.

1

The complaint asserts seventeen causes of action, eleven of which are asserted against Lloyd and Kekich. Those causes of action are:

(i) Turnover and declaratory relief pursuant to 11 U.S.C. § 542 (first cause of action);

(ii) Actual fraud pursuant to 11 U.S.C. § 544(b) and S.C. Code §27-23-10 (second cause of action);

(iii) Constructive fraud pursuant to 11 U.S.C. § 544(b) and S.C. Code §27-23-10 (third cause of action);

(iv) Conversion (tenth cause of action);

(v) Quantum meruit (eleventh cause of action);

(vi) Constructive trust (twelfth cause of action);

(vii) Accounting (thirteenth cause of action);

(viii) Aiding and abetting breach of fiduciary duty (fourteenth cause of action);

(ix) Violation of the Racketeer Influenced and Corrupt Organizations Act (RICO) (fifteenth cause of action);

(x) Negligence, gross negligence, and/or willful and wanton conduct (sixteenth cause of action); and

(xi) Injunctive relief (seventeenth cause of action).

Lloyd filed his motion to dismiss on October 12, 2012, shortly before Grayson Consulting was substituted as plaintiff in this case. Kekich filed a nearly identical motion on April 1, 2013.[1] Grayson Consulting timely opposed Lloyd's motion, and then filed a consolidated response in opposition to both motions on April 18, 2013. Neither Kekich nor Lloyd filed a reply.

---

[1] Kekich's motion copies Lloyd's motion to dismiss verbatim, substituting Kekich's name for Lloyd's and correcting – or making – the occasional typographical error. As a result, the motions are paginated in the same way.

## II.  STANDARDS

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss for "failure to state a claim upon which relief can be granted."  When considering a Rule 12(b)(6) motion to dismiss, the court must accept the plaintiff's factual allegations as true and draw all reasonable inferences in the plaintiff's favor.  See E.I. du Pont de Nemours & Co. v. Kolon Indus., 637 F.3d 435, 440 (4th Cir. 2011).  But "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

On a motion to dismiss, the court's task is limited to determining whether the complaint states a "plausible claim for relief."  Id. at 679.  A complaint must contain sufficient factual allegations in addition to legal conclusions.  Although Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief," "a formulaic recitation of the elements of a cause of action will not do."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570).  "Facts pled that are 'merely consistent with' liability are not sufficient."  A Soc'y Without a Name v. Virginia, 655 F.3d 342, 346 (4th Cir. 2011) (quoting Iqbal, 556 U.S. at 678).

## III.  DISCUSSION

Because Kekich's motion is substantively identical to Lloyd's, the court discusses them together.[2]

---

[2] In addition, the court refers to the motions jointly as "Mots. to Dismiss."

3

### A. The Parties Agree that the Tenth, Eleventh, Fourteenth, and Sixteenth Causes of Action Are Barred as to Lloyd and Kekich.

As an initial matter, counsel for Grayson Consulting admitted at the July 1, 2013 hearing that its tenth, eleventh, fourteenth, and sixteenth causes of action – for conversion, quantum meruit, aiding and abetting breach of fiduciary duty, and negligence – are barred as to Lloyd and Kekich by the in pari delicto doctrine. Draft Hr'g Tr. 66:16-23, July 1, 2013 ("I don't think that the RICO claim is [barred by the in pari delicto doctrine], I think [that Lloyd and Kekich] were participants in the conspiracy. I think the rest of them [the tenth, eleventh, fourteenth, and sixteenth causes of action] potentially are."); see also Pl.'s Resp. to Mots. to Dismiss 6 (stating that "Counts 1-3 and 12-13 of the Complaint are not subject to the in pari delicto defense").

Because plaintiff appears to have withdrawn these claims, the court dismisses those causes of action as to Lloyd and Kekich.

### B. Application of the In Pari Delicto Doctrine to the Remaining Claims Is Improper at this Time.

Lloyd and Kekich argue that Grayson Consulting's claims against them are barred by the doctrine of in pari delicto. Plaintiff responds first that this defense does not apply because many of its claims are not brought pursuant to its position as successor to Derivium. Second, Grayson Consulting contends that this defense is not available because Lloyd and Kekich were insiders and agents for Derivium.

In pari delicto, a common law doctrine that means "of equal fault," is "an affirmative defense that precludes a plaintiff who participated in the same wrongdoing as the defendant from recovering damages from that wrongdoing." In re Derivium Capital LLC, 716 F.3d 355, 367 (4th Cir. 2013) ("In re Derivium"); see also In re Bogdan, 414 F.3d 507, 514 (4th Cir. 2005); Myatt v. RHBT Fin. Corp., 635 S.E.2d 545, 547 (S.C. Ct.

App. 2006). "In South Carolina, this doctrine precludes one joint tort-feasor from seeking indemnity against another." Myatt, 635 S.E.2d at 547 (citing Rock Hill Tel. Co. v. Globe Commc'ns, Inc., 611 S.E.2d 235, 237 n.2 (S.C. 2005); Atl. Coast Line R.R. Co. v. Whetstone, 132 S.E.2d 172, 176 (S.C. 1963)). The in pari delicto defense is subject to an adverse interest exception. "Under the 'adverse interest' exception, the wrongs of an agent are not imputed to the principal if the agent acted adverse to the principal's interest."[3] In re Derivium, 716 F.3d at 367.

When a bankruptcy trustee "stands in the shoes of the debtor" under 11 U.S.C. § 541 and asserts causes of action only possessed by the debtor, the trustee is subject to the same defenses as the debtor would have been subject to at the time the bankruptcy action was filed. In re Derivium, 716 F.3d at 367. In pari delicto is one of these defenses. However, "in pari delicto does not apply when a trustee is proceeding, not as successor to the debtor, but under one of the trustee's statutory avoidance powers,[4] for example when pursuing a fraudulent conveyance under § 548, Bankruptcy Code." In re Taneja, No. 10-cv-01234, 2010 WL 4882826, at *4 (E.D. Va. Nov. 24, 2010).

---

[3] The adverse interest exception is itself subject to an exception that is known as the sole actor rule. Under the sole actor rule, if the agent acted as the principal's sole representative, the agent's actions are imputed to the principal. In re Derivium, 716 F.3d at 368. The rationale underpinning the sole actor rule is that "the sole agent has no one to whom he can impart his knowledge, or from whom he can conceal it, and that the corporation must bear the responsibility for allowing an agent to act without accountability." Id. (quoting Official Comm. of Unsecured Creditors v. R.F. Lafferty & Co., 267 F.3d 340, 359 (3d Cir. 2001)).

[4] The Bankruptcy Code empowers a trustee to "avoid or set aside certain transfers of property of the debtor or the estate, obligations incurred by the debtor, and liens on property of the debtor." 2 Bankr. Desk Guide § 17:1 (Mar. 2013). These avoidance powers – which allow a trustee to avoid otherwise valid transactions – represent an extraordinary remedy that serves "the laudatory purpose of disallowing insolvent persons from giving away assets during the period immediately preceding bankruptcy, thereby depleting the bankruptcy estate." Id. As a result, the trustee's avoidance powers are not unlimited. See id. at § 17:54.

"In pari delicto will not operate to bar claims against insiders of the debtor corporation." In re Student Finance Corp., 335 B.R. 539, 547 (D. Del. 2005). "Any person or entity whose relationship with the debtor is sufficiently close so as to subject the relationship to careful scrutiny may qualify as an insider." Id. (internal quotation marks omitted). The determination of whether a defendant qualifies as an insider is a fact-intensive inquiry that must be made on a case-by-case basis. Id.

The complaint alleges that Lloyd and Kekich, as Derivium officers and employees, committed wrongdoing that adversely affected Derivium. See, e.g., Compl. ¶¶ 30, 31, 99-106. The complaint also alleges wrongdoing by Derivium's principals – Charles Cathcart, Scott Cathcart, and Yuri Debevc – who, together with the other defendants, improperly invested borrowers' stock sale proceeds. Compl. ¶ 23, 84.

The court's preliminary review indicates that the in pari delicto defense could apply to some – but not all – of the claims asserted against Lloyd and Kekich. Whether such a defense is available to Lloyd and Kekich in particular depends upon a fact-intensive inquiry into whether these defendants were corporate insiders of Derivium. The Fourth Circuit recently cited with approval a related case in which the bankruptcy court "declined to apply in pari delicto to claims against Derivium insiders who allegedly acted adversely to Derivium's interest." In re Derivium, 716 F.3d at 368 n.9 (citing In re Derivium Capital, LLC, 307 B.R. 407, 417 (Bankr. D.S.C. 2006) (finding that the applicability of the in pari delicto defense is a fact-intensive inquiry not appropriate on a motion to dismiss)). Such an analysis would be premature on these motions to dismiss.

As a result, Lloyd's and Kekich's motions to dismiss are denied to the extent that they are based on the in pari delicto doctrine.

### C. Grayson Consulting's Claims Are Not Necessarily Time-Barred.

Lloyd and Kekich next argue that Grayson Consulting's claims are all barred by South Carolina's three-year statute of limitations "by virtue of Derivium's imputed knowledge of the Derivium Principals' alleged wrongdoing." Mots. to Dismiss 13-14. Plaintiff counters that this affirmative defense does not appear on the face of the complaint, and that those affirmative defenses must fail on these motions to dismiss. Pl.'s Resp. to Mots. to Dismiss 9-10.

#### 1. The First Cause of Action

Grayson Consulting's first cause of action is for turnover and declaratory relief pursuant to 11 U.S.C. § 542. "The Bankruptcy Code does not impose a statute of limitations on turnover claims arising under" § 542. In re Mushroom Transp. Co., 382 F.3d 325, 337 (3d Cir. 2004); see also In re Reinhart, 477 F. App'x 510, 521 n.17 (10th Cir. 2012); In re Minh Vu Hoang, No. 12-cv-0593, 2013 WL 1105021, at *2 (D. Md. Mar. 15, 2013) ("§ 542 contains no express limitations period."). As a result, the first cause of action cannot be time-barred, even though the bankruptcy petition relevant to this case was not filed until roughly five years after Lloyd and Kekich left Derivium. The motions to dismiss are denied as to the first cause of action.

#### 2. The Second & Third Causes of Action

Grayson Consulting's second and third causes of action, for actual fraud and constructive fraud, are brought pursuant to both 11 U.S.C. § 544 and S.C. Code §27-23-10. 11 U.S.C. § 544 "gives the Trustee the status of a creditor under state law and allows nonbankruptcy law to determine the rights that accrue as a result of that created status." In re J.R. Deans Co., 249 B.R. 121, 129 (Bankr. D.S.C. 2000). S.C. Code §27-23-10,

7

better known as the Statute of Elizabeth, allows defrauded parties to set aside fraudulent conveyances of property. Judy v. Judy, 742 S.E.2d 672, 675 (S.C. Ct. App. 2013).

> In South Carolina, the statute of limitations for causes of actions for fraud, including the Statute of Elizabeth, is governed by the "discovery rule" which provides that the statute of limitations does not begin to run until discovery of the fraud itself or of such facts as would have led to the knowledge thereof, if pursued with reasonable diligence.

In re J.R. Deans Co., 249 B.R. at 132 (denying summary judgment on Statute of Elizabeth claims and stating that the court had not been provided with sufficient facts to determine when the creditor's right to institute an action on the debt may have begun to run) (internal quotation marks omitted).

Determining when Grayson Consulting discovered or should have discovered that the 90% Stock Loan program was fraudulent is a fact-intensive inquiry that should not be undertaken on these motions to dismiss. Lloyd's and Kekich's motions to dismiss are denied as to the second and third causes of action.

### 3. The Fifteenth Cause of Action

Lloyd and Kekich argue that the RICO claim must fail because – as with Grayson Consulting's other claims – any wrongful actions these defendants allegedly committed fall well outside of South Carolina's three-year statute of limitations. Lloyd and Kekich assert that "[t]he purported wrongful conduct attributed to [them] allegedly took place between 1997 and 2000, long before August 31, 2002 (or more than three years prior to the filing of the bankruptcy petition on September 1, 2005)." Mots. to Dismiss 14. Lloyd and Kekich further contend that the statute of limitations began to run in 1997, on the day that Cathcart and others "embarked on their alleged fraudulent path." Mots. to Dismiss 16.

Grayson Consulting counters that the complaint's allegations are sufficient to keep Lloyd and Kekich in the case because

> [T]he logical inference is that [Lloyd and Kekich were] involved in the creation of the Stock Loan contracts and marketing materials . . . . Thus, the logical inference to which Plaintiff is entitled is that the Stock Loans were marketed in the same way for the entire scheme, and that the contracts remained relatively static throughout the life of the scheme. When these Defendants ceased their involvement in the day-to-day operations of the Debtor, they did so likely knowing that the documents that they had helped create and had used would be in continual use, misleading more and more new borrowers until the scheme collapsed. Thus, if they knew, consented, and intended that misrepresentations that they had made would be communicated continuously to new victims, and those misrepresentations that they originated were, in fact, communicated to new victims, then [their] participation in the scheme should be deemed to have continued up and until the scheme's collapse.

Pl.'s Resp. 16-17. In a footnote, Grayson Consulting also contends that "[i]t is clear that the RICO enterprise, of which [Kekich and Lloyd] were a part, continued until the scheme's collapse." Id. at 16 n.7.

RICO, codified at 18 U.S.C. §§ 1961 et seq., establishes civil and criminal liability for those who engage in "a pattern of racketeering activity." 18 U.S.C. § 1962. While the RICO statute does not provide a limitations period for civil actions, "the Supreme Court has determined that a four-year statute of limitations applies." Dickerson v. TLC The Laser Eye Center Inst., Inc., 493 F. App'x 390, 393 (4th Cir. 2012) (citing Agency Holding Corp. v. Malley-Duff & Assoc., Inc., 483 U.S. 143, 156 (1987)). The discovery rule also applies to civil RICO claims, meaning that "the statute of limitations will begin to run from the date when the plaintiff knew or should have known of the existence of a RICO injury." Id. (citing Rotella v. Wood, 528 U.S. 549, 556 (2000)).

Plaintiff does not explain why it is entitled to the string of inferences that connect Lloyd and Kekich to the 90% Stock Loan Program years after they left Derivium.

However, as with the second and third causes of action, determining when Grayson Consulting discovered or should have discovered the alleged RICO injury is a fact-intensive inquiry that should not be undertaken on these motions to dismiss. The motions to dismiss are denied as to the fifteenth cause of action.

### 4. The Twelfth, Thirteenth, and Seventeenth Causes of Action

Finally, the complaint's twelfth, thirteenth, and seventeenth causes of action – for constructive trust, accounting, and injunctive relief – are all claims for equitable relief. "The basis for granting equitable relief is the impracticability of obtaining full and adequate compensation at law." Nutt Corp. v. Howell Road, LLC, 721 S.E.2d 447, 449 (S.C. Ct. App. 2011) (citing Monteith v. Harby, 3 S.E.2d 250, 251 (S.C. 1939)). Indeed, "equity is only available when a party is without an adequate remedy at law." EllisDon Constr., Inc. v. Clemson Univ., 707 S.E.2d 399, 401 (S.C. 2011).

As noted above, the court cannot yet discern whether Grayson Consulting's legal causes of action are time-barred. Similarly, the court cannot yet assess whether Grayson Consulting's equitable claims are time-barred, or whether there is an adequate remedy at law that would render those equitable claims invalid. Lloyd's and Kekich's motions to dismiss are denied as to the twelfth, thirteenth, and seventeenth causes of action.

### IV. CONCLUSION

For the foregoing reasons, the court **GRANTS IN PART AND DENIES IN PART** the motions to dismiss filed by defendants Clifford Lloyd and David Kekich, ECF Nos. 536, 591. The motions to dismiss are **GRANTED** as to the complaint's tenth, eleventh, fourteenth and sixteenth causes of action; those causes of action are **DISMISSED** as to Lloyd and Kekich. The motions are **DENIED** with respect to the first, second, third, twelfth, thirteenth, fifteenth, and seventeenth causes of action.

**AND IT IS SO ORDERED**.

                                                **DAVID C. NORTON**
                                                **UNITED STATES DISTRICT JUDGE**

**September 9, 2013**
**Charleston, South Carolina**