IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| GRAYSON CONSULTING, INC., | ) | |
| | ) | No. 2:07-cv-02992-DCN |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CHARLES CATHCART, *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| ALAN M. GRAYSON, *et al.*, | ) | |
| | ) | No. 2:07-cv-00593-DCN |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| CHARLES CATHCART, *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on a motion for reconsideration filed by plaintiffs Alan Grayson, Grayson Consulting, Inc., and the AMG Trust (collectively, "Grayson"). For the reasons stated below, the court denies the motion.

## I.  BACKGROUND

On October 23, 2013, the court issued an order dismissing defendant Vision International People Group, Ltd. ("Vision") on the basis that the court lacked personal jurisdiction over the Cypriot corporation. On November 1, 2013, Grayson filed a motion for reconsideration of the dismissal. Vision opposed the motion for reconsideration on November 18, 2013. This matter has been fully briefed and is ripe for the court's review.

1

## II.  DISCUSSION

Grayson asks the court to reconsider its decision on the basis that allowing the dismissal to stand would be clear error that would result in manifest injustice.  Both parties analyze the present motion for reconsideration under the standard that the Fourth Circuit has outlined for review of Rule 59(e) motions to alter or amend a judgment.  However, Federal Rule of Civil Procedure 54(b), which governs revisions of non-final judgments, also may be applicable to the instant motion.

Rule 59(e) states that "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."  Fed. R. Civ. P. 59(e).  Rule 54(b) states, in relevant part, that

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

A "judgment," as used in Rule 54, "includes a decree and any order from which an appeal lies."  Fed. R. Civ. P. 54(a).

Whether Grayson's motion should be considered under Rule 54(b) or Rule 59(e), courts within the Fourth Circuit have determined that such a motion should be granted only for the following reasons: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice."  Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) (internal citations omitted) (explaining the standard of review for Rule 59(e) motions); Slep-Tone Entm't Corp. v. Garner, No. 11-cv-00122, 2011 WL 6370364, at *1 (W.D.N.C. Dec. 20, 2011) (describing the standard of review for Rule 54(b) motions); Zurich Am. Ins. Co. v. Fieldstone, No. CCB-06-cv-2055, 2008 WL

941627, at *1 (D. Md. Mar. 24, 2008) (same).

Grayson's motion rehashes arguments previously rejected by the court. Grayson contends that the question of whether the court may exercise personal jurisdiction over Vision hinges on whether Paul Jarvis and other Vision employees were acting within the scope of their employment when they conducted business for Bancroft Ventures, Ltd. Because agency questions are generally reserved for a jury, Grayson asserts that "the inquiry regarding personal jurisdiction should . . . analyze the contacts of the alleged agents as though these contacts are Vision's own . . ., or alternatively, defer ruling until after the jury resolves the agency/scope issues." Pls.' Mot. for Reconsideration 3. These arguments fail.

As the court explained in its earlier order, the question of personal jurisdiction is one reserved for the court. While it must draw all reasonable inferences in Grayson's favor, the court need not credit conclusory allegations, such as Grayson's assertion that "Vision plainly consented to Jarvis' activities." Pls.' Mot. 4.

Additionally, Grayson has not shown by a preponderance of the evidence that jurisdiction is proper. Grayson has shown that Paul Jarvis and Ismini Papacosta conducted some business for Bancroft via Vision email accounts and fax machines. In many of the communications sent, Jarvis and Papacosta identified themselves as Bancroft executives. The evidence Grayson presents does not show that any of these Bancroft-related activities are attributable to Vision. The court cannot simply presume that these contacts are Vision's own. Nor would it be appropriate for the court defer its jurisdictional analysis until after the jury resolves any questions regarding whether Jarvis, Papacosta, and others acted as Vision's agents. On the contrary, requiring Vision to

continue to defend itself in South Carolina federal court when the company does not have minimum contacts in this district would violate traditional notions of fair play and substantial justice.

In a footnote, Grayson urges the court to adopt the "effects test" to determine whether the court can properly assert personal jurisdiction over Vision. Under the effects test,

> the plaintiff must establish that specific jurisdiction is proper by showing that (1) the defendant committed an intentional tort; (2) the plaintiff felt the brunt of the harm in the forum, such that the forum can be said to be the focal point of the harm; and (3) the defendant expressly aimed his tortious conduct at the forum, such that the forum can be said to be the focal point of the tortious activity.

Consulting Eng'rs Corp. v. Geometric Ltd., 561 F.3d 273, 280 (4th Cir. 2009) (internal quotations omitted). As the Fourth Circuit has explained, "[t]he effects test does not supplant the minimum contacts analysis, but rather informs it." Geometric, 561 F.3d at 280. "Although the place that the plaintiff feels the alleged injury is plainly relevant to the inquiry, it must ultimately be accompanied by the defendant's own contacts with the state if jurisdiction over the defendant is to be upheld." ESAB Grp., Inc. v. Centricut, Inc., 126 F.3d 617, 626 (4th Cir. 1997).

The effects test does not rescue Grayson's otherwise deficient personal jurisdiction argument. The fact that the 90% Stock Loan Program may have had consequences in South Carolina is not enough to allow the court to exercise personal jurisdiction over a foreign corporate defendant that maintains neither an office nor an agent in South Carolina; owns no property here; has not deliberately engaged in business activities in the state, made in-person contact with a South Carolina resident for business purposes, or communicated with South Carolina residents about business being

transacted; and has not signed any agreement that applies South Carolina law or creates contractual duties that arise in South Carolina.

Grayson has failed to sufficiently connect the bad acts of a few Vision employees to Vision itself.  As a result, Grayson has not made the showing necessary for the court to exercise personal jurisdiction over Vision.  The findings contained in the court's October 23, 2013 order were not clear error.  Similarly, that order need not be altered in order to prevent manifest injustice.  In short, this is not a situation in which Rule 54 or 59 relief would be appropriate.

### III.  CONCLUSION

For the foregoing reasons, the court **DENIES** Grayson's motion for reconsideration, Grayson v. Cathcart, Docket No. 07-cv-00593, ECF No. 1086, and Grayson Consulting, Inc. v. Cathcart, Docket No. 07-cv-02992, ECF No. 686.

**AND IT IS SO ORDERED**.

---
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**February 14, 2014**
**Charleston, South Carolina**