IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| GRAYSON CONSULTING, INC., | ) | |
| | ) | No. 2:07-cv-02992-DCN |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| EVELYN CATHCART, *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| ALAN M. GRAYSON, *et al.*, | ) | |
| | ) | No. 2:07-cv-00593-DCN |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| CHARLES CATHCART, *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on an objection noted by plaintiffs Alan Grayson, the AMG Trust, and Grayson Consulting, Inc. (collectively, "Grayson") to defendant Total Eclipse International, Ltd.'s ("TEI") designations and counter-designations of the testimony of its own 30(b)(6) witness. For the reasons stated below, Grayson's objection is overruled.

In its Consolidated Objections to Defendants' Pretrial Disclosures,[1] Grayson objects to TEI's designation of portions of the 30(b)(6) deposition given by TEI's corporate representative, Roberto Piona. At the hearing held on April 10, 2014, counsel

---

[1] Grayson's Consolidated Objections to Defendants' Pretrial Disclosures are docketed in Grayson v. Cathcart, Docket No. 07-cv-00593, as ECF No. 1160, and in Grayson Consulting, Inc. v. Cathcart, Docket No. 07-cv-02992, as ECF No. 732.

1

for Grayson clarified that it objects only to TEI's designations of Mr. Piona's deposition testimony, not to the counter-designations that TEI made in response to Grayson's own designations of that testimony.

Federal Rule of Civil Procedure 32 governs the use of depositions in court proceedings. In relevant part, the rule states:

> **(1)** *In General.* At a hearing or trial, all or part of a deposition may be used against a party on these conditions:
>
> **(A)** the party was present or represented at the taking of the deposition or had reasonable notice of it;
>
> **(B)** it is used to the extent it would be admissible under the Federal Rules of Evidence if the deponent were present and testifying; and
>
> **(C)** the use is allowed by Rule 32(a)(2) through (8).
>
> . . .
>
> **(4)** *Unavailable Witness.* A party may use for any purpose the deposition of a witness, whether or not a party, if the court finds:
>
> **(A)** that the witness is dead;
>
> **(B)** that the witness is more than 100 miles from the place of hearing or trial or is outside the United States, unless it appears that the witness's absence was procured by the party offering the deposition;
>
> **(C)** that the witness cannot attend or testify because of age, illness, infirmity, or imprisonment;
>
> **(D)** that the party offering the deposition could not procure the witness's attendance by subpoena; or
>
> **(E)** on motion and notice, that exceptional circumstances make it desirable--in the interest of justice and with due regard to the importance of live testimony in open court--to permit the deposition to be used.

Fed. R. Civ. P. 32(a)(1), (4). The plain language of Rule 32(a)(4) "allows the use of an unavailable witness's deposition testimony in lieu of live testimony even if that witness is a party" unless the deposed witness's absence was "procured" by the party offering the

deposition. Forrester Envtl. Servs., Inc. v. Wheelabrator Techs., Inc., No. 10-cv-0154-JL, 2012 WL 1161125, at *2 (D.N.H. Apr. 6, 2012). For a party to have "procured" a witness's absence, he or she must "'actively [take] steps to keep the deponents from setting foot in the courtroom.'" Carey v. Bahama Cruise Lines, 864 F.2d 201, 204 (1st Cir. 1988) (quoting Houser v. Snap-On Tools Corp., 202 F. Supp. 181, 189 (D. Md. 1962)).

A number of courts have admitted the deposition of a party or its agent when that deponent lives more than 100 miles away from the location of the trial and when no evidence suggests that the proponent of the deposition procured the deponent's absence. See, e.g., Mazloum v. Dist. of Columbia Metro. Police Dep't, 248 F.R.D. 725, 726-27 (D.D.C. 2008) (admitting into evidence portions of the deposition of a co-defendant, who lived more than 100 miles away from the site of trial); Forrester, 2012 WL 1161125, at *2 (admitting into evidence the video deposition of the plaintiffs' agent, who lived in a foreign country).

In this case, both TEI and Grayson have designated portions of Mr. Piona's 30(b)(6) deposition testimony. Mr. Piona lives and works in Europe; he is surely more than 100 miles from the courthouse in which this consolidated trial will proceed. Additionally, there is no indication that TEI did anything to procure Mr. Piona's absence from this trial. Indeed, Mr. Piona, who is Italian, appears to have lived and worked in Europe for years. Because "procuring absence and doing nothing to facilitate presence are quite different things," Houser v. Snap-On Tools Corp., 202 F. Supp. 181, 189 (D. Md. 1962), the court finds that Mr. Piona is unavailable within the meaning of Rule

32(a)(4). As a result, the court overrules Grayson's objections to TEI's designations of Mr. Piona's March 12, 2013 30(b)(6) deposition.[2]

      **AND IT IS SO ORDERED**.

                                          **DAVID C. NORTON**
                                          **UNITED STATES DISTRICT JUDGE**

**April 11, 2014**
**Charleston, South Carolina**

---

[2] The court will separately address TEI's objections to Grayson's designations of Mr. Piona's 30(b)(6) deposition testimony.