IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| GRAYSON CONSULTING, INC., | ) | |
| | ) | No. 2:07-cv-02992-DCN |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| EVELYN CATHCART, *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

On August 31, 2007, Derivium Capital LLC's bankruptcy trustee filed this lawsuit against Edward J. Budden ("Budden") and fifty-four other defendants. Compl. ¶ 44. Budden was served with the complaint on January 3, 2008, but has not participated in this case in any way. At the bankruptcy trustee's request, the clerk of court entered default against Budden on January 29, 2008. Because the bankruptcy trustee never requested it, neither the clerk nor this court entered default judgment against Budden. When, on October 4, 2012, this district's bankruptcy court approved the sale of the bankruptcy trustee's remaining claims or causes of action to Grayson Consulting, Inc., Budden was neither listed as a party against whom the trustee had "released, dismissed, abandoned or settled claims" nor as a party against whom the trustee had "obtained judgments or [was] in the process of finalizing judgments with the Court." In re Derivium Capital, LLC, No. 05-15042-jw, Order Approving Sale 2 n.1-2. As a result, though this case is now drawing to a close,[1] the docket still lists Budden an active party.

---

[1] Fifty of the defendants have been terminated and the claims against the remaining four defendants – other than Budden – have been or soon will be resolved.

The law disfavors default judgments and favors resolution of claims on their merits.  10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2681 (3d ed. 1998).  Nevertheless, "[i]t is well established that the district court has the authority to dismiss or to enter default judgment, depending on which party is at fault, for failure to prosecute with reasonable diligence or to comply with its orders or rules of procedure."  Flaksa v. Little River Marine Constr. Co., 389 F.2d 885, 887 (5th Cir. 1968).  This power "is one inherent in the courts in the interest of the orderly administration of justice [and] may be exercised sua sponte under proper circumstances."  Id. (internal quotations omitted); Trans World Airlines, Inc. v. Hughes, 332 F.2d 602, 614 (2d Cir. 1964); Singapore Tong Teik PTE Ltd v. Coppola, No. 04-cv-3440, 2007 WL 2375796, at *4 (E.D.N.Y. Aug. 17, 2007); Guardian Life Ins. Co. of Am. v. Spencer, No. 10-cv-0004, 2011 WL 39089, at *1 (W.D. Va. Jan. 5. 2001).

Budden has never participated in this case; indeed, default was entered against him more than six years ago.  He has surely failed to comply with the court's orders and rules of procedure.  As a result, it is appropriate for the court to enter default judgment, sua sponte, against Budden.

 Based on the foregoing, the court **GRANTS** default judgment against defendant Edward J. Budden in the amount of zero dollars.

**AND IT IS SO ORDERED**.

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**April 16, 2014**
**Charleston, South Carolina**